**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                       :   Dist. Ct. No. 12-4376 (LAK)
                                                            :
AMR CORPORATION, *et al.,*                                  :
                                                            :   Ch. 11 Case No. 11-15463 (SHL)
           Debtors.                                         :   (Jointly Administered)
------------------------------------------------------------ x
ALLIED PILOTS ASSOCIATION,                                  :
           Plaintiff-Appellant,                             :
                   v.                                       :   Adv. Proc. No. 12-01094 (SHL)
AMR CORPORATION and                                         :
AMERICAN AIRLINES, INC.,                                    :
           Defendants-Appellees.                            :
------------------------------------------------------------ x

## APA'S NOTICE OF PENDING RELATED CASES

Pursuant to Local Civil Rule 1.6, the Allied Pilots Association ("APA") respectfully gives notice of three cases recently filed with this District that related to the bankruptcy appeal in this case (heretofore, "**Inapplicability Appeal**"). Specifically, the APA gives notice that the following bankruptcy appeals are related to this appeal: (a) the APA's appeal from the Bankruptcy Court's August 15, 2012 Memorandum of Decision (ECF No. 4044), denying the Debtors' initial motion under 11 U.S.C. § 1113 to reject the most recent collective bargaining agreement between the APA and American Airlines, Inc. ("American" or the "Company") (the "2003-2008 CBA"), but doing so without prejudice to their ability to file a new application ("**the First 1113 Appeal**"); (b) the APA's appeal from the Bankruptcy Court's Order entered on September 5, 2012 (ECF No. 4293), authorizing the Debtors to reject the 2003-2008 CBA based on the Debtors' renewed application under 11 U.S.C. § 1113 ("**the Second 1113 Appeal**"), (c) the APA's appeal from the Bankruptcy Court's Order entered on September 11, 2012 (ECF No. 4395), granting in part the Debtors' Motion in Limine (ECF No. 4148) ("**the MIL Appeal**").

1

As explained below, all four appeals raise substantially related questions of law and fact arising from the Debtors' applications to reject the pilots' 2003-2008 CBA.  Accordingly, the APA respectfully submits that this Court should accept the three recently filed appeals as related to the Inapplicability Appeal currently assigned to this Court, so that the latter three can also be assigned hereto.

## OVERVIEW OF THE APPEALS

The APA's adversary proceeding challenged, as a threshold matter, the Bankruptcy Court's authority under Section 1113 of the Bankruptcy Code to reject the 2003-2008 CBA because it had expired in 2008 and Section 1113 confers no power on bankruptcy courts to reject expired agreements.  *See* APA Appeal Brief, Dist. Ct. No. 12-4376 (LAK) (ECF No. 12). Because the Bankruptcy Court dismissed the APA's adversary proceeding, it permitted the Debtors to apply for relief under Section 1113, which they first did on March 27, 2012.  *See* Debtors' Motion to Reject, Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 2035).  The APA opposed that application, Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 2722), on numerous grounds, which included the threshold, dispositive objection challenging the applicability of Section 1113 to the expired 2003-2008 CBA that the APA had previously raised in its adversary proceeding.  *See* ECF No. 2722 at 1 n.1.  The APA also opposed the Debtors' March 27 application for failure to meet the statutory requirements under Section 1113.  *Id.* at 35-79.  On August 15, 2012, the Bankruptcy Court ruled on the Debtors' March 27 application and denied that application.  Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 4044).  In so doing, however, the Bankruptcy Court overruled the APA's objections, except with respect to two of American's proposed contract modifications – *e.g.,* those relating to furloughs and codesharing.  *Id.* at 105.

Two days later, on August 17, 2012, the Debtors filed a second application to reject the 2003-2008 CBA under Section 1113, predicated on a comprehensive contract modification proposal dated August 16, 2012. Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 4084). Their August 17 application explicitly relied on the "findings of fact and conclusions of law" set forth in the Bankruptcy Court's August 15 decision. *Id.* at 1 (Memorandum). Shortly thereafter, on August 23, the Debtors filed a motion in limine in an effort to limit the evidence considered in support or opposition to their second Section 1113 application to a single issue: the necessity of their August 16 proposal on domestic codesharing. Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 4148) at 1-3 (Memorandum).

The APA subsequently opposed both the Debtors' August 17 application and their motion in limine. Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 4250) (opposition to motion in limine) and (ECF No. 4251) (opposition to August 17 Section 1113 application). Those oppositions preserved all objections the APA had previously raised to American's first Section 1113 application, including the dispositive objection, originally raised in the APA's adversary proceeding and currently pending on appeal to this Court, challenging the Bankruptcy Court's authority to reject the expired 2003-2008 CBA. *See* ECF No. 4250 at 2 n.1; ECF No. 4251 at 3-4 n.2.

On September 4, 2012, the Bankruptcy Court held a consolidated hearing on the Debtors' August 17 application and their motion in limine, explaining: "We have two matters on. One is the renewed motion for Section 1113 relief. The other is a *closely related* motion in limine. I don't see the point in separating those two motions for purposes of anything anybody wants to say because they really are *part and parcel of the same ongoing debate*." Tr. Sept. 4, 2012, Hearing, attached hereto as Exhibit A, at 7:1-7 (emphasis added). The Bankruptcy Court also

3

issued a single bench decision that covered both the Debtors' August 17 application and their motion in limine. Bankr. S.D.N.Y. No. 11-15463-SHL (ECF No. 4443) at 5:2-15. In granting the Debtors' August 17 application and granting in part their motion in limine, the Bankruptcy Court specifically determined that "this present application has to be reviewed in the context of what has previously occurred in this case. While it is not dispositive, it is, nonetheless, informative and shapes what the discussion is today. Thus, central to the Court's ruling today is the history in this case to date regarding Section 1113 matters." *Id.* at 5:20-6:1. Because that was the case, the Bankruptcy Court's decision on the Debtors' second Section 1113 application reviewed the specific findings and conclusions it had made in the course of its previous decision on the Debtors' first Section 1113 application. *Id.* at 7:22-10:1. Indeed, when rendering its conclusion on the second Section 1113 application, the Bankruptcy Court held: "For all these reasons *and considering this as a new Section 1113 application within the context of the Court's prior ruling*, the Court finds that American's current proposal contains modifications that are necessary to permit American's reorganization and that it satisfies the requirements of Section 1113." *Id.* at 26:12-18 (emphasis added).

## EXPLANATION OF RELATION

I.   **The APA's Four Appeals Should Be Related Under Division of Business Rule 13**

Division of Business Rule 13 directs this Court to relate cases "when the interests of justice and efficiency will be served." In making that determination, this Court should consider whether relation would result in "a substantial savings of judicial resources," advance "the just, efficient and economical conduct of the litigations," *or* serve "the convenience of the parties or witnesses." Division of Business Rule 13(a)(i)-(iii). Each of those factors requires relation of the APA's four appeals here.

*First,* this District would save substantial judicial resources by relating these four cases. As shown above, in each of the four cases, the APA raised and preserved its threshold objection to the Bankruptcy Court's statutory authority to reject the expired 2003-2008 CBA. *See supra* at 2-3. Moreover, resolution of each of these cases involves substantial consideration of the bargaining history between the parties. As the record in each of these cases demonstrates, the substance of all the proposals at issue in these cases – those made prior to the commencement of the Debtors' Chapter 11 proceeding, the proposals made by American in support of its March 27 application and the APA's responding counterproposals, and the proposals made by American in support of its August 17 application and the APA's responding counterproposals – significantly overlap in substance. The economics of the Debtors' business plans, and especially their evolution between November 2011, March 2012, and August 2012, also tie the cases together. Moreover, the relationship between American's proposals and the economics on which they were based can only be judged with respect to the Debtors' second 1113 application through an understanding of that relationship as it existed at the time of their first 1113 application. For these reasons, this District will conserve substantial judicial resources by assigning a single judge to all four cases, and, because the Inapplicability Appeal has already been assigned to Judge Kaplan, the remaining appeals should also be so assigned.

*Second,* because the issues presented by the four appeals interrelate so tightly, their litigation will be far more efficient and economical if presided over by a single judge. Additionally, justice will be served by the relation of these cases because their determination by a single judge will avoid inconsistent rulings on the many factual and legal issues that overlap.

*Third,* it will be far more convenient for the parties to litigate these cases relatedly before a single judge. Although they are bankruptcy appeals and therefore no further witnesses will be

presented, the consolidation of briefing and argument will allow the parties to streamline the issues and conserve their own resources by avoiding duplication of effort.

Accordingly, the four appeals should be related under Division of Business Rule 13.

## II. The APA's Recent Three Appeals Arising From the Bankruptcy Court's Section 1113 Proceedings Should Be Consolidated under Federal Rule 42

The Federal Rules of Civil Procedure permit courts to consolidate actions that present common questions of law or fact. Fed. R. Civ. P. 42(a). As demonstrated above, and as elaborated more fully in the APA's accompanying statements of issues on appeal and designation of items to be included in the record, the three appeals arising from the Debtors' Section 1113 applications rest on substantially the same extensive evidentiary record below, and raise numerous common questions of law and fact requiring review of the findings and conclusions embodied in the Bankruptcy Court's August 15 Decision. The First Section 1113 Appeal, the Second Section 1113 Appeal and the MIL Appeal should thus be consolidated and, as explained in Section I above, this Court should accept these consolidated appeals as related to the Inapplicability Appeal over which it is currently presiding.

## CONCLUSION

For the foregoing reasons, the APA respectfully submits that this Court accept the APA's First Section 1113 Appeal, Second Section 1113 Appeal and MIL Appeal as related to the Inapplicability Appeal currently assigned to and pending before this Court.

Dated: September 14, 2012                              Respectfully submitted,


                                                       /s/ Joshua R. Taylor_____
                                                       Edgar N. James (admitted pro hac vice)
                                                       Kathy Krieger (admitted pro hac vice)
                                                       David P. Dean (admitted pro hac vice)

>Darin M. Dalmat (admitted pro hac vice)
>Daniel M. Rosenthal (admitted pro hac vice)
>**JAMES & HOFFMAN, P.C.**
>1130 Connecticut Ave., N.W., Suite 950
>Washington, DC 20036
>Tel: (202) 496-0500
>Facsimile: (202) 496-0555
>
>
>Filiberto Agusti
>Joshua R. Taylor (admitted pro hac vice)
>**STEPTOE & JOHNSON LLP**
>1330 Connecticut Ave., NW
>Washington, DC 20036
>Tel: (202) 429-3000
>Facsimile: (202) 261-0658
>
>*Attorneys for the Allied Pilots Association*