

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALLIED PILOTS ASSOCIATION,

          Appellant,

-against-

AMR CORPORATION,

          Appellee.

No. 1:12-cv-04376 (LAK)



---

ALLIED PILOTS ASSOCIATION, *et al.*,

          Appellant(s),

-against-

AMR CORPORATION, *et al.*,

          Appellee(s).

No. 1:12-cv-07468 (CM)(GWG)

---

DAVID F. WILLIAMS, JR. and THOMAS L.
DUNCAN, *et al.*, (Supplement CC Pilots)

          Appellant(s),

-against-

AMR CORPORATION,

          Appellee(s).

No. 1:12-cv-07469 (CM)

---

ALLIED PILOTS ASSOCIATION, *et al.*,

          Appellant(s),

-against-

AMR CORPORATION and AMERICAN
AIRLINES, INC.,

          Appellee(s).

No. 1:12-cv-07647 (CM)

| | |
|---|---|
| ALLIED PILOTS ASSOCIATION, *et al.*, | No. 1:12-cv-07648 (CM) |
| Appellant(s), | |
| -against- | |
| AMR CORPORATION and AMERICAN AIRLINES CORPORATION, | |
| Appellee(s). | |

| | |
|---|---|
| ALLIED PILOTS ASSOCIATION, *et al.*, (Supplement B Pilot Beneficiaries) | No. 1:12-cv-07800-UA |
| Appellant(s), | |
| -against- | |
| AMR CORPORATION, | |
| Appellee(s). | |

### STIPULATION BETWEEN APPELLEES AMR CORPORATION AND AMERICAN AIRLINES, INC., APPELLANTS ALLIED PILOTS ASSOCIATION, SUPPLEMENT B PILOT BENEFICIARIES AND DAVID F. WILLIAMS, JR., AND THOMAS DUNCAN *ET AL.*, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS <u>REGARDING CONSOLIDATION AND SCHEDULING OF APPEALS</u>

Appellants, the Allied Pilots Association ("APA"), the Supplement B Pilot Beneficiaries ("Supplement B Pilots"), and David F. Williams and Thomas L. Duncan *et al.*, ("Supplement CC Pilots"), have each filed Notices of Appeal in the captioned matters. Those appeals all relate to various decisions of the United States Bankruptcy Court for the Southern District of New York rendered in connection with a Motion filed by Appellees, American Airlines, Inc. and AMR Corp. (collectively "American") under 11 U.S.C. §1113, *inter alia*, for leave to reject the collective bargaining agreement ("CBA") between American and APA (the "Section 1113

2

Motion"). APA, the Supplement B Pilots, the Supplement CC Pilots, American and the Official Committee of Unsecured Creditors, as Intervenor-Appellee (the "Committee," and together with American, hereafter "Appellees")[1] all enter into the following Stipulation seeking to consolidate these various appeals before a single judge and an orderly process for briefing those appeals that have not already been briefed. In support of this Stipulation, Appellants and Appellees aver as follows:

1. American filed a petition for relief under chapter 11 of the United States Bankruptcy Code on November 29, 2011. Bankruptcy Court ECF No. 1.

2. On February 28, 2012, APA commenced an Adversary Proceeding, No. 12-01094 (SHL) Docket no. 1. In its Adversary Proceeding Complaint, APA contended, *inter alia*, (a) that the CBA between APA and American had expired in 2008; and, therefore, (b) that Section 1113 of the Bankruptcy Code, which permits a bankruptcy court to authorize a debtor to reject a CBA, did not apply in the present circumstances. American filed a motion to dismiss the Adversary Proceeding on the grounds that CBAs under the Railway Labor Act ("RLA") do not expire, but rather merely become amendable. The Bankruptcy Court granted American's Motion to Dismiss in a Memorandum Decision dated April 20, 2012. Adversary Pro. No. 27. APA filed a Notice of Appeal as to this decision on May 3, 2012, and that matter was docketed as No. 12-4376 in this Court, assigned to the Hon. Lewis A. Kaplan, United States District Judge for this District. This first appeal has been fully briefed, and no date has been set for oral argument.

---

[1] The Committee has reached agreement with each of the parties regarding the intervention of the Committee in the above-captioned appeals. Stipulations and proposed orders regarding such intervention have been submitted in each docketed appeal.

3. On March 27, 2012, American filed the Section 1113 Motion seeking permission to reject its CBA with APA.[2] Following a trial, the bankruptcy court entered an Order denying American's Motion, ruling that American had failed to satisfy the Section 1113 standards in two specific respects ("Initial Section 1113 Decision"). That Decision was rendered on August 15, 2012. APA filed a Notice of Appeal from that decision on August 29, 2012 (Bankruptcy Court ECF No. 4232), and that matter has been docketed as No. 12-7468 in this Court and assigned to the Hon. Colleen McMahon, United States District Judge for this District.

4. Based on the Initial Section 1113 Decision, American promptly took actions it believed would address the two deficiencies identified by the bankruptcy court and filed a Renewed Motion under Section 1113 ("Renewed Motion"). After a further evidentiary hearing, the bankruptcy court granted American's Motion from the bench on September 4, 2012, and entered an Order consistent with that decision on September 5. ("Second Section 1113 Decision"). Bankruptcy Court ECF No. 4293. APA, the Supplement B pilots, and the Supplement CC pilots each filed a Notice of Appeal as to this Second Section 11113 Decision. (APA, Bankruptcy Court ECF No. 4469; Supp B pilots, Bankruptcy Court ECF No. 4465; Supp CC pilots, Bankruptcy Court ECF No. 4415). The APA and Supplement CC pilot appeals have been assigned to Judge McMahon as possibly related to APA's appeal from the bankruptcy court's Initial Section 1113 Decision. The Supplement B pilots' appeal was docketed on October 18, 2012, but has not yet been assigned.

5. During the course of the evidentiary hearing on American's Renewed Section 1113 Motion, the Court also granted in part a Motion in Limine that had been filed by American with

---

[2] The Motion also sought permission to reject the CBAs between American and its other unions, but American ultimately reached new agreements with each of those bargaining groups and none of those agreements is at issue in these appeals.

4

respect to that Renewed Motion prior to the September 4 hearing. Bankruptcy Court ECF No. 4395. That Motion sought to exclude consideration of certain evidence on which APA sought to rely in defense of the Renewed Section 1113 Motion. APA also filed a Notice of Appeal as to the bankruptcy court's decision on the Motion In Limine (Bankruptcy Court ECF No. 4471), and that appeal—No. 12-7648—has also been referred to Judge McMahon.

6. The Committee participated throughout the course of the Section 1113 proceedings in the Bankruptcy Court as a party by, among other things, filing responsive papers, participating in discovery, and participating in each of the Section 1113 hearings.

7. In connection with its appeals from the Bankruptcy Court's Section 1113 rulings, the APA filed a Notice of Pending Related Cases on September 14, 2012 (No. 12-4376, Document No. 24), explaining the interrelationship of these recent appeals and the APA's prior Adversary Proceeding appeal, and suggesting that the appeals relating to the Section 1113 rulings be consolidated and assigned to the same Judge presiding over No. 12-4376.

8. At present, the brief for the Appellant in APA's appeal from the Initial Section 1113 Decision is due on October 25, 2012, while the Supplement CC pilots' brief on appeal from the Second Section 1113 Decision is due on October 24, 2012. The filing deadlines for APA's and the Supplement B pilots' briefs in appeals from the Second Section 1113 Decision and the In Limine Order would likewise be generated separately in the ordinary course. Oral argument on APA's appeal from the Initial Section 1113 Decision is set for Friday, December 7, 2012; argument has not yet been scheduled in any of the other appeals taken from the various decisions referred to above. As noted above, the appeal in No. 1:12-cv-04376, which resulted from the bankruptcy court's decision granting American's Motion to Dismiss APA's Adversary

5

Proceeding Complaint, has been fully briefed and is pending decision; no date for argument has been set.

9. Each of these appeals is inextricably tied to the bargaining relationship and history between American and APA and each is connected to the Section 1113 Motion American filed to permit, *inter alia*, the rejection of its CBA with APA. Appellants and American all agree that it would be more efficient for the parties, and would conserve judicial resources, to have all of these appeals considered by one Judge of this Court. Accordingly, Appellants and Appellees stipulate that the matters should be consolidated on appeal, and jointly ask the Court for an Order accomplishing that result.

10. Further, Appellants and Appellees seek to set a sensible briefing schedule for those consolidated appeals that have not already been briefed. The parties propose that all Appellants file their principal briefs on or before November 30, 2012. American would file its consolidated answering brief, addressing all of the issues raised by any of the Appellants in any of the appeals, 45 days thereafter. The consolidated answering brief, if any, of the Committee, as Intervenor-Appellee, would be due at the same time as American's answering brief. Reply briefs, if any, by Appellants would be due 15 days after American's answering brief has been filed. Appellants and American agree that oral argument on the consolidated appeals would be beneficial to the Court.

11. Because the briefs filed by APA and Appellees would address numerous different appeals on a number of issues, they agree that the page limits set out in this Court's Rules would be inadequate to familiarize the Court adequately with the complex legal and factual framework into which these appeals fit. Accordingly, APA and Appellees agree that APA's brief for all consolidated appeals should be no more 50 pages. Because Appellees must respond to all of the

arguments raised by APA's numerous appeals, as well as to those raised by the Supplement B and Supplement CC pilots, Appellants and Appellees agree that Appellees' answering briefs should be no more than 60 pages. Briefs filed by the Supplement B and Supplement CC pilots would be subject to the existing Rules, as would any reply filed by APA.

Dated: New York, New York
October 19, 2012

*/s/ Todd C. Duffield*

Harvey R. Miller
Stephen Karotkin
Alfredo R. Pérez
Lawrence Baer

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

John J. Gallagher*
Scott M. Flicker*
Jon A. Geier*
Neal D. Mollen*
Todd C. Duffield

PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Debtors/Appellees*

* admitted *pro hac vice*

*/s/ Edgar N. James*

Edgar N. James*
Kathy L. Krieger*
David P. Dean*

7

Darin M. Dalmat*
Daniel M. Rosenthal*

JAMES & HOFFMAN, P.C.
1130 Connecticut Ave., N.W., Suite 950
Washington, DC 20036
Telephone: (202) 496-0500
Facsimile: (202) 496-0555
Filiberto Agusti
Joshua R. Taylor*

STEPTOE & JOHNSON, LLP (DC)
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 429-3900
Facsimile: (202) 429-3902

*Attorneys for Allied Pilots Association*

* admitted *pro hac vice*

/s/ Lee Seham

Lee Seham
Stanley J. Silverstone

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Ste 1204
White Plains, New York 10601
Telephone: (914) 997-1346
Facsimile: (914) 997-7125

*Attorneys for Pilots of AA as beneficiaries of Supplement B to the Collective Bargaining Agreement between AA and the Allied Pilots Association (Supplement B Pilots)*

---

John O'B. Clarke, Jr. (JC 4145)

HIGHSAW, MAHONEY & CLARKE, P.C.
4142 Evergreen Drive

Darin M. Dalmat*
Daniel M. Rosenthal*

JAMES & HOFFMAN, P.C.
1130 Connecticut Ave., N.W., Suite 950
Washington, DC 20036
Telephone: (202) 496-0500
Facsimile: (202) 496-0555
Filiberto Agusti
Joshua R. Taylor*

STEPTOE & JOHNSON, LLP (DC)
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 429-3900
Facsimile: (202) 429-3902

*Attorneys for Allied Pilots Association*

* admitted *pro hac vice*

---

Lee Seham
Stanley J. Silverstone

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Ste 1204
White Plains, New York 10601
Telephone: (914) 997-1346
Facsimile: (914) 997-7125

*Attorneys for Pilots of AA as beneficiaries of Supplement B to the Collective Bargaining Agreement between AA and the Allied Pilots Association (Supplement B Pilots)*

_____
John O'B. Clarke, Jr. (JC 4145)

HIGHSAW, MAHONEY & CLARKE, P.C.
4142 Evergreen Drive

8

Fairfax, VA 22032-1018
Telephone: (202) 296-8500
Facsimile: (202) 296-7143

*Williams, Duncan, et al* /rc
*Attorneys for ~~TWA Pilot Seniority Defense Fund~~*
~~*LLC*~~ *Supplement CC Pilots?*

---

Albert L. Hogan, III
(al.hogan@skadden.com)
Application for admission pro hac vice forthcoming

SKADDEN ARPS SLATE MEAGHER
  & FLOM LLP

Jay M. Goffman
(jay.goffman@skadden.com)
John P. Furfaro
(john.furfaro@skadden.com)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

-and-

John Wm. Butler, Jr.
(jack.butler@skadden.com)
Albert L. Hogan, III
(al.hogan@skadden.com)
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700

*Attorneys for the Official Committee of
Unsecured Creditors*
(Proposed Intervenor-Appellee)
Facsimile: (202) 296-7143

9

Fairfax, VA 22032-1018
Telephone: (202) 296-8500
Facsimile: (202) 296-7143

*Attorneys for TWA Pilot Seniority Defense Fund LLC (Supplement CC Pilots)*

_____
Albert L. Hogan, III
(al.hogan@skadden.com)
Application for admission pro hac vice forthcoming

SKADDEN ARPS SLATE MEAGHER
 & FLOM LLP

Jay M. Goffman
(jay.goffman@skadden.com)
John P. Furfaro
(john.furfaro@skadden.com)
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000

-and-

John Wm. Butler, Jr.
(jack.butler@skadden.com)
Albert L. Hogan, III
(al.hogan@skadden.com)
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700

*Attorneys for the Official Committee of Unsecured Creditors*
(Proposed Intervenor-Appellee)
Facsimile: (202) 296-7143

11/7/2012
So ordered
Colleen McMahon

9